Curran, Dennis J., J.
INTRODUCTION
Bliss Really Trust bought two commercial properties at 354-366A and 365 Ferry Street, Everett, Massachusetts from Roos Company, LLC, marketed by its agent, Summit Solutions, Inc. Shortly before the sale was to be consummated, Bliss brought suit against those entities for misrepresentation of the rent rolls and expenses of the tenants in those buildings. It alleges that had it not been defrauded, it would have never entered an agreement to buy the property.
The defendant Roos Company, LLC has moved to, among other things, stay this matter pending arbitration. In doing so, Roos points to the Purchase and Sale Agreement which contains an “Alternative Dispute Resolution” clause. (See paragraph 29 of Exhibit A attached to the Complaint.) For the following reasons, the matter as between Bliss and Roos, who were signatories to that Purchase and Sale Agreement, is hereby STAYED forthwith, except that the allegations against Summit Solutions, Inc. may proceed because Summit was not a signatory to that agreement.
DISCUSSION
The linchpin for this decision rests in language negotiated between Bliss and Roos in a single-spaced, 14-page Purchase and Sale Agreement executed in June 2014. The document was obviously negotiated at arms’ length and by the parties’ attorneys because, in paragraph 24, the Agreement provides that any legal notices involving the agreement be sent to named attorneys for each side.
At issue presently is paragraph 29, entitled “Alternative Dispute Resolution,” which states:
The parties to this Agreement agree to make a good faith effort at an informal resolution of any dispute that may arise out of this Agreement. Failing such informal resolution within fifteen (15) days of a party giving notice that a dispute has arisen, final and binding arbitration shall be the sole and exclusive means by which disputes arising out of this Agreement ought to be resolved. Any such dispute arising out of this Agreement will be submitted to binding arbitration pursuant to the Commercial *423 Arbitration Rules of the Real Estate Bar Association (“REBA’j and judgment on the award may be entered in a court of competent jurisdiction, provided however, that either party may seek preliminary injunctive or other equitable relief pending arbitration to prevent irreparable harm.
When the plaintiffs attorney appeared ex parte at the hearing on its motion for lis pendens, he failed to mention that the parties had an arbitration clause in their Agreement. While it is true that either party has the right to seek equitable relief from this Court, the plaintiff would have been more forthcoming had it mentioned that “any dispute that may arise out of this Agreement... is subject to final and binding resolution.”
Given the plaintiffs failure to mention the ADR requirement[1] in any of its pleadings or at the hearing, this Court must look anew at the plaintiffs success in achieving, ex parte, a Memorandum of Lis Pendens. The plaintiff withheld a material fact, and the requisite remedy for such non-disclosure can only be to dissolve the Memorandum of Lis Pendens, and stay this matter for all further proceedings (except as to Roos’s claim against Summit Solutions, Inc., since it is not a party to the Agreement).
ORDER
For these reasons, this case is stayed forthwith pending the parties’ submission of this matter to arbitration (except as to Roos’s claim against Summit.). The parties are exhorted to select an arbitrator immediately to try to resolve this dispute expeditiously.
This Court’s previous Memorandum of Lis Pendens is DISSOLVED, effective immediately, and this Order may be recorded with the Middlesex County Registry of Deeds.

Although the plaintiff, in fairness, did append the entire 14-page Purchase and Sale Agreement to its complaint.